UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------

TOWN OF CORNWALL,

          Plaintiff,

v.

SPECIAL CAMP YEDIDM, LLC
ISRAEL KRAUS and RAYIM OF THE
HUDSON VALLEY, INC.,

          Defendant.
---------------------------------------------------------

**ORDER**

20-CV-02390 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff Town of Cornwall removed this action from State Court on March 18, 2020 pursuant to 28 U.S.C. § 1441(c), arguing that Defendants' Answer with Counterclaim asserts a federal question. (Doc. 2, "Notice of Removal"). Section 1441(a) provides, in relevant part,

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Section 1441(a) does not permit removal by a plaintiff. *Burlingham, Underwood, Barron, Wright & White v. Luckenback Steamship, Inc.,* 208 F. Supp. 544 (S.D.N.Y. 1962) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) (affirming remand on the grounds that the plaintiff in the state court was not a "defendant" within the meaning of [§] 28 of the Judicial Code)). In *Williams v. City of New York,* removal by a plaintiff was found improper as "only a defendant can remove an action to federal

1

court." 19-CV-10526 (CM), 2019 WL 6841554 (S.D.N.Y. Dec. 13, 2019); *see Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 863 (2d Cir. 1988) ("Quite simply, a party who is in the position of a plaintiff cannot remove."); *Hamilton v. Aetna Life and Cas. Co.*, 5 F.3d 642, 644 (2d Cir. 1993) (where the Second Circuit affirmed the District Court's remand holding that the "[p]laintiff patently lacked the right to remove his own case from state to federal court"); 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3730 (1985) ("[P]laintiffs cannot remove, even when they are in the position of defendants with regard to a counterclaim asserted against them.").

Based upon the foregoing, the Court remands this action pursuant to 28 U.S.C. § 1447(c)[1] to the New York Supreme Court, Orange County. The Clerk of the Court is directed to send a copy of this Order to that Court and to close this action. All pending matters are hereby terminated.

Dated: New York, New York  
       April 10, 2020

SO ORDERED:

_____  
Philip M. Halpern  
United States District Judge

---

[1] "A federal district court may *sua sponte* remand an action within 30 days of the filing of the notice of removal for a procedural defect, or at any time for a lack of subject matter jurisdiction." *El Bey v. Lopez*, 19 CV-9978 (LLS), 2020 WL 1330217, at *1 (S.D.N.Y. Mar. 20, 2020); *see* 28 U.S.C. § 1447(c). The Second Circuit has held that a plaintiff's improper removal of a case is "procedural[]…[and not one where] the court had no subject matter jurisdiction." *Hamilton*, 5 F.3d at 644. Since the removal petition was filed on March 18, 2020, the Court is well within the 30-day procedural defect time limitation.